UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KESNY AUGUSTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00552-MPB-MKK |
| | ) | |
| BRISON SWEARINGEN in his official capacity as Sheriff of the Clay County Justice Center, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Kesny Auguste's petition for a writ of habeas corpus seeks release from the Clay County Jail, where he is detained on behalf of U.S. Immigration and Customs Enforcement (ICE). For the reasons explained below, the Court grants the petition and orders Respondents to either afford Mr. Auguste an individualized bond hearing or release him from custody under reasonable conditions of supervision.

**I. Background**

The material facts are undisputed. Mr. Auguste is a Haitian native and citizen. On October 13, 2022, he applied for admission at the San Ysidro Port of Entry. The government deemed him inadmissible and initiated a removal proceeding but also granted him parole for one year. Dkt. 9-1 at 1, 7. The removal action remains pending.

On July 28, 2026, an Indiana State Police (ISP) trooper contacted ICE when Mr. Auguste visited an ISP office to check records related to a commercial vehicle trailer. ICE officials issued an administrative warrant "command[ing]" that Mr. Auguste be arrested pursuant to 8 U.S.C.

§ 1226. *Id.* at 5, 7. Mr. Auguste has been in ICE custody since his arrest. He has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Auguste raises multiple arguments why his continued detention without consideration of bond is unlawful, including that the government's authority to detain him comes from 8 U.S.C. § 1226(a), which makes him eligible for discretionary release on bond. Respondents insist that Mr. Auguste is subject to mandatory detention for the duration of his removal proceeding pursuant to 8 U.S.C. § 1225(b)(2)(A).

### A. *Cirrus Rojas v. Olson*

The Seventh Circuit recently determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States: "Aliens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026). "Admission means 'lawful entry . . . into the United States after inspection and authorization.'" *Id.* at 918 (quoting *Sanchez v. Mayorkas*, 593 U.S. 409, 411 (2021)). "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026), *quoted in Cirrus Rojas*, 183 F.4th at 920.

Mr. Auguste was arrested in Indianapolis years after his entry. He was arrested pursuant to a warrant citing § 1226 as its authority. He was not then, and he is not now, seeking to enter the United States at the border. Additionally, he may be categorically inadmissible because he is

charged as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not possessing valid documentation required under the Immigration and Nationality Act (INA). Dkt. 9-1 at 4; *see Cirrus Rojas*, 183 F.4th at 914–15. He is not "seeking admission" as *Cirrus Rojas* applies the phrase. Therefore, under the now-settled law of this Circuit, Mr. Auguste's detention must be governed by § 1226(a) rather than § 1225(b)(2)(A), and he is therefore eligible for consideration of bond.

Respondents argue that *Cirrus Rojas* does not apply here because that case "involved a petitioner who entered the United States without inspection or admission in 2018 and who did not present himself at a port of entry." Dkt. 9 at 2 n.1. To the extent that these facts distinguish *Cirrus Rojas* from this case, Respondents have not persuaded the Court that the distinction is legally significant. The bottom line of *Cirrus Rojas* is that § 1225(b)(2)(A) applies only to applicants for admission who are *actually seeking admission*. Respondents do not explain how Mr. Auguste is actively seeking admission any more than Cirrus Rojas was when he was arrested in the interior of the United States.

**B. Effect of Expired Parole**

Respondents argue that, although Mr. Auguste was not actively seeking admission at the border when he was arrested, he is nevertheless subject to mandatory detention under § 1225(b)(2)(A) because he became an "arriving alien" by operation of law when his parole expired. Dkt. 9 at 3–10. This Court recently joined other judges in this District in rejecting that argument and does so again here. *See Aryan v. Mullin*, No. 2:26-cv-00604-MPB-MKK, dkt. 10 at *4–6 (S.D. Ind. Sept. 22, 2026).

The Secretary of Homeland Security may permit a noncitizen to enter the United States on parole according to 8 U.S.C. § 1182(d)(5)(A). "[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien *shall forthwith return*

*or be returned to the custody from which he was paroled*." 8 U.S.C. § 1182(d)(5)(A) (emphasis added). Additionally, the former parolee "shall continue to be dealt with in the same manner as that of *any other applicant for admission* to the United States." *Id.* (emphasis added).

Respondents argue that Mr. Auguste was paroled from the custody of an "arriving alien" as defined by 8 C.F.R. § 1001.1(q), which provides that an arriving alien is "an applicant for admission coming or attempting to come into the United States at a port-of-entry." "An arriving alien remains an arriving alien even if paroled . . . and *even after any such parole is terminated or revoked*." 8 C.F.R. § 1001.1(q) (emphasis added). As Respondents see it, Mr. Auguste was granted parole as an applicant for admission at the border. Parole permitted him to physically enter the United States, but he never ceased to be—for legal purposes—an arriving alien and applicant for admission seeking admission at a port of entry. When his parole expired, he reverted to that position by operation of the INA and became, once again, subject to compulsory detention under § 1225(b)(2)(A).

Respondents' application of § 1182(d)(5)(A)'s "return" provision cannot be squared with *Cirrus Rojas*. Section 1225(b)(2)(A) does not mandate the detention of "arriving aliens" as defined by regulation or even "applicants for admission" as referenced in § 1182(d)(5)(A). Section 1225(b)(2)(A) applies only to applicants for admission *who are also seeking admission*—which is to say people actually seeking lawful entry into the United States after inspection and authorization at a border. *Cirrus Rojas*, 183 F.4th at 914.

Respondents' reliance on 8 C.F.R. § 1001.1(q)—an agency regulation—is misplaced. Its sole legal significance is to clarify how the agency applies the term "arriving alien." Through § 1225(b)(2)(A), Congress authorized the government to subject specified noncitizens to automatic, indefinite detention during removal proceedings. In *Cirrus Rojas*, the Seventh Circuit

interpreted that authority as extending only to noncitizens actually seeking admission. The government cannot expand its congressionally granted authority by pointing to a definition in its own regulations.

Finally, this Court again finds that § 1182(d)(5)(A) directs only that a former parolee be returned to the custody—but not necessarily the detention—from which he was paroled. *See Aryan*, dkt. 10 at *6 (citing *Tologonov v. Warden*, No. 2:26-cv-00413-JPH-MJD, dkt. 14 at *12–13 (S.D. Ind. July 10, 2026); *Qasemi v. Francis*, No. 25-CV-10029 (LJL), 2025 WL 3654098 (S.D.N.Y. Dec. 17, 2025); *Chirinos v. Mullin*, No. 26-CV-369, 2026 WL 905416, at *3 (E.D. Wis. Mar. 30, 2026) ("The word 'custody' [in § 1182(d)(5)(A)] should not be read to mean 'detention' when Congress could have chosen to say 'detention' but did not.")). Mr. Auguste has lost the benefits associated with parole and must be treated as any other noncitizen arrested in the interior of the United Sates pursuant to a warrant authorized by § 1226. That Mr. Auguste's parole expired does not mean he is now "seeking admission" such that he is subject to compulsory detention under § 1225(b)(2)(A). Rather, pursuant to *Cirrus Rojas*, his detention is governed by § 1226(a), and he is eligible for discretionary release on bond.

**C. Scope of Relief**

Mr. Auguste requests immediate release from custody, which is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Auguste is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Auguste's custody is not unlawful for the

reason that the government lacks authority to detain him; it is unlawful only to the extent he has been deprived of the bond hearing that the law requires.

**D. Additional Issues**

Because the Court has found that Mr. Auguste's detention violates the INA, it need not reach his claims that his detention violates the INA's regulations or the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

## III. Conclusion

The Court **grants** the petition to the extent that **no later than ten days from the date of this order**,[1] Respondents must either: (1) provide Mr. Auguste with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Auguste from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Auguste with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Auguste's counsel upon the scheduling of the hearing.

Mr. Auguste's motion requesting expedited consideration of this matter, dkt. [17], is **granted** insofar as the Court has issued its ruling.

[1] The parties may extend this deadline by agreement without the need for action by the Court.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 10/14/2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Nora Unverzagt Galindo
Law Office of Nora Galindo
nora@noragalindolaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov